**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**LONNIE SPEARS,**

                      **Petitioner,**

                                        **9:05-CV-605**
     v.                                       **(GLS/GHL)**

**SUPERINTENDENT, MID-STATE
CORRECTIONAL FACILITY**

                      **Respondent.**

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LONNIE SPEARS
Last Known Address
Tompkins County Jail
779 Warren Road
Ithaca, New York

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO       MALANCHA CHANDA, ESQ.
Office of Attorney General          Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**Gary L. Sharpe
United States District Judge**

## DECISION AND ORDER

The court cannot locate *pro se* plaintiff, Lonnie Spears. Accordingly, it considers *sua sponte* Spears's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On May 18, 2005, Lonnie Spears filed a petition for a writ of habeas corpus. *See Dkt. No. 1.* On June 22, 2005, an order was issued granting the plaintiff's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 5. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every

2

action for which the notice shall apply.... (emphasis in original). In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Spears has acknowledged this obligation by filing a change of address on two separate occasions. *See Dkt. Nos.* 11 *and* 15*.*

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On February 20, 2007, the Clerk of the Court issued a court notice to parties advising of the option to consent to the jurisdiction of a U.S. Magistrate Judge. *See Dkt. No.* 16*.* Spears' copy of the order was mailed to his last know address, but was returned to sender - person no longer here. *See Dkt. No.* 17. For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of

address changes.  *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Spears failure to provide this court with a change of address warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure

4

allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Spears' habeas petition is **DISMISSED** for failure to notify the court of his current address and for failure to prosecute.

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** April 11, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge